IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| TERRY NICHOLS, | |
| Petitioner, | |
| vs. | No. 00-2024-B |
| DAVID MILLS, | |
| Respondent. | |

---

ORDER CORRECTING THE DOCKET
AND
ORDER DENYING MOTION PURSUANT TO FED. R. CIV. P. 60(b)(6)

---

On December 16, 1999, Petitioner Terry Nichols, Tennessee Department of Correction ("TDOC") inmate number 88365, who is currently incarcerated at the South Central Correctional Facility in Clifton, Tennessee,[1] filed a petition under 28 U.S.C. § 2254 with the United States District Court for the Eastern District of Tennessee. United States District Judge James H. Jarvis issued an order on January 6, 2000 transferring the case to this district, where it was docketed on January 11, 2000. On August 31, 2001, United States District Judge Jon Phipps McCalla issued an order dismissing each of the claims asserted in the petition, with the

---

[1] As Petitioner is now pro se, the Clerk is directed to reflect that fact on the docket, to update his address, and to mail a copy of this order to him at his address of record, which was obtained from his mailing envelope and confirmed by the TDOC website.

exception of a claim that Nichols received ineffective assistance of counsel due to the failure of his attorney to call Ralph Pollard as a witness. (D.E. 15.) Pursuant to Rule 8(c) of the Rules Governing Section 2254 Proceedings in the United States District Courts, the Court referred the case to the United States Magistrate Judge to appoint counsel. (Id. at 29.) The order also directed counsel to file a substantive response to the remaining ineffective assistance claim. (Id.) The case was reassigned to this judge on March 21, 2003. (D.E. 35.)

Because counsel was unable to locate Pollard, the Court issued an order on March 24, 2004 that dismissed the Pollard claim with prejudice for failure to prosecute. (D.E. 39.)[2] The March 24, 2004 order also vacated the August 31, 2001 dismissal order, <u>sua sponte</u>, with respect to claims 1, 2, and 3 (subparts 1, 3, 4, and 5) in light of <u>Adams v. Holland</u>, 330 F.3d 398, 400-05 (6th Cir. 2003), and directed Respondent to file a response to those claims. (Id. at 4-5.) Respondent filed a supplemental motion to dismiss and for judgment as a matter of law on April 19, 2004. (D.E. 45 & 46.) Petitioner did not respond to the motion. The Court issued an order on March 23, 2005 that granted Respondent's supplemental motion to dismiss or for judgment as a matter of law, dismissed the petition, denied a certificate of appealability, and certified that an appeal

---

[2] In an order issued on November 4, 2004, the Court denied Petitioner's motion for reconsideration of that portion of the March 24, 2004 order. (D.E. 48.)

would not be taken in good faith. (D..E 49.) Judgment was entered on March 29, 2005. (D.E. 50.) Nichols did not appeal.

On October 1, 2007, Nichols filed a pro se motion pursuant to Fed. R. Civ. P. 60(b)(6), entitled "Motion for Relief from Judgment or Order" (D.E. 52), accompanied by a legal memorandum (D.E. 53).

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for numbers (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." Jinks v. AlliedSignal, Inc., 250 F.3d 381, 384 (6th Cir. 2001).

In this case, Nichols contends he is entitled to relief under Rule 60(b)(6) because an attorney was appointed to represent him only on the issue of trial counsel's failure to call Ralph Pollard as a witness and, because of the limited scope of his appointment, counsel had no obligation to respond to the motion to dismiss filed on March 23, 2005. (D.E. 53 at 3.) Moreover, because Nichols was represented by counsel, he was precluded from making pro se filings (D.E. 15 at 29-30) and he was not personally served with copies of motions filed by Respondent or orders issued by the Court. Nichols contends that appointed counsel did not forward him copies of papers filed with the Court or with the Court's orders and, therefore, he had no notice that the petition had been dismissed. (D.E. 53 at 1-3.) Petitioner claims that, had he received a copy of Respondent's April 19, 2004 motion, he would have "amended his original petition to clarify legal issues and would have given factual clarity to the petition." (Id. at 3.)

The Sixth Circuit has repeatedly emphasized that relief pursuant to Rule 60(b)(6) is rarely appropriate:

> [R]elief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." Waifersong Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992). This is especially true in an application of subsection (6) of Rule 60(b), which applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990); see also Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863-64 . . . (1988). This is because "almost every conceivable ground for relief is covered" under the other

4

subsections of Rule 60(b). Olle, 910 F.2d at 365; see also Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989). Consequently, courts must apply Rule 60(b)(6) relief only in "unusual and extreme situations where principles of equity *mandate* relief." Olle, 910 F.2d at 365.

Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001) (emphasis in original).

This case does not fit within that framework. To the extent that Nichols contends that the Court's March 23, 2005 order granting Respondent's supplemental motion to dismiss or for judgment as a matter of law was wrongly decided, the motion should have been brought under Rule 60(b)(1). "[A] motion may not be brought under Rule 60(b)(6) if it is premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." Mitchell v. Rees, No. 06-5693, 2008 WL 116354, at *4 (6th Cir. Jan. 9, 2008). Nichols is not entitled to relief from judgment under Rule 60(b)(1) because this motion was filed "not more than one year after the judgment, order, or proceeding was entered or taken."[3] "This time limit is jurisdictional, Arrieta v. Battaglia, 461 F.3d 861, 864 (7th Cir. 2006), and the district court does not have the discretion to extend the period of limitation, Smith v. Sec'y of Health & Human Servs., 776 F.2d 1330, 1332-33 (6th Cir. 1985); see also Fed. R. Civ. P. 6(b)." Mitchell, 2008 WL 116354, at *4. Thus,

---

[3] In this case, judgment was entered on March 29, 2005, so a Rule 60(b)(1) motion had to be brought no later than March 29, 2006.

5

the Court has no authority to grant Nichols relief pursuant to Fed. R. Civ. P. 12(b)(1).

Even if that were not the case, the failure to respond to a dispositive motion is not grounds for granting relief under Fed. R. Civ. P. 60(b)(1). <u>Cacevic v. City of Hazel Park</u>, 226 F.3d 483, 490-01 (6th Cir. 2000) ("'The failure to respond to a motion for summary judgment or to request an extension of time to file a response is <u>inexcusable</u> neglect.'") (quoting <u>Kendall v. Hoover Co.</u>, 751 F.2d 171, 175 (6th Cir. 1984) (emphasis added by Sixth Circuit). Although Nichols contends that his appointed counsel did not forward him copies of the Court's orders and the parties' filings, parties are bound by the acts of their counsel and are deemed to have all information known to their attorneys. <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 396-97 (1993); <u>see also</u> <u>Allen v. Murph</u>, 194 F.3d 722, 723 (6th Cir. 1999) ("an attorney's inexcusable neglect is normally attributed to his client").[4]

To the extent the motion asserts some claim not subsumed within Rule 60(b)(1), Nichols has not demonstrated that any

---

[4] To the extent Nichols seeks to amend his petition to assert a new claim, rather than to clarify an existing claim, the motion also runs the risk of being treated as a second or successive habeas petition. <u>See</u> <u>id.</u> at *3; <u>see also</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005). In this case, the statements in Nichols' legal memorandum are not sufficiently specific to permit a conclusion that he seeks to assert a new claim, rather than additional argument in support of an existing claim.

6

extraordinary or unusual circumstance exists.[5] The motion pursuant to Fed. R. Civ. P. 60(b)(6) is DENIED.

IT IS SO ORDERED this 19th day of May, 2008.

```
                              s/ J. DANIEL BREEN
                              UNITED STATES DISTRICT JUDGE
```

---

[5] To the extent that Nichols complains that he lost the opportunity to appeal the dismissal of his habeas petition, that aspect of his motion is governed by Fed. R. App. P. 4(a)(6), which provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A)  the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B)  the motion is filed within 180 days after the judgment or order is entered or within 7 days after the party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C)  the court finds that no party would be prejudiced.

Even if it is assumed that service on Nichols' attorney of record is not service on him within the meaning of Fed. R. Civ. P. 77(d), the application is not timely. More than 180 days had elapsed since the entry of judgment when the instant motion was filed. Moreover, the docket indicates Petitioner had knowledge of the dismissal of his petition no later than April 9, 2007, when Petitioner sent a letter to his appointed counsel seeking copies of all documents filed in this matter. (See D.E. 51.) Petitioner did not file within seven days after he received notice of the order. Under these circumstances, the Court has no authority to permit a delayed appeal. See, e.g., Martinez v. Hoke, 38 F.3d 655, 666 (2d Cir. 1994); 16A Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3950.6 (3d ed.).