IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TERRY NICHOLS, | | |
| Petitioner, | | |
| vs. | | No. 00-2024-STA |
| DAVID MILLS, | | |
| Respondent. | | |

ORDER DENYING A CERTIFICATE OF APPEALABLITY

On March 23, 2005, United States District Judge J. Daniel Breen issued an order that granted Respondent's supplemental motion to dismiss or for judgment as a matter of law on all claims remaining to be considered, dismissed the petition, denied a certificate of appealability, and certified that an appeal would not be taken in good faith. (Docket Entry ("D.E,") 49.) Judgment was entered on March 29, 2005. (D.E. 50.) Petitioner did not appeal.

On October 1, 2007, Petitioner filed a pro se motion pursuant to Fed. R. Civ. P. 60(b)(6), entitled "Motion for Relief from Judgment or Order" (D.E. 52), accompanied by a legal memorandum (D.E. 53). In that motion, Petitioner argues that he is entitled to relief under Rule 60(b)(6) because an attorney was

appointed to represent him only on the issue of trial counsel's failure to call Ralph Pollard as a witness and, because of the limited scope of his appointment, counsel had no obligation to respond to the motion to dismiss filed on March 23, 2005. (Id. 53 at 3.) Moreover, because Petitioner was represented by counsel, he was precluded from making pro se filings (D.E. 15 at 29-30) and he was not personally served with copies of motions filed by Respondent or orders issued by the Court. Petitioner contends that appointed counsel did not forward him copies of papers filed with the Court or with the Court's orders and, therefore, he had no notice that the petition had been dismissed. (D.E. 53 at 1-3.) Petitioner contends that, had he received a copy of Respondent's April 19, 2004 motion, he would have "amended his original petition to clarify legal issues and would have given factual clarity to the petition." (Id. at 3.) On May 19, 2008, Judge Breen issued an order denying that motion. (D.E. 54.)

On June 20, 2008, Petitioner filed a notice of appeal. (D.E. 55.) He paid the appellate filing fee on August 5, 2008. (D.E. 58.) The case was transferred to this judge on June 23, 2008. The Sixth Circuit has requested a ruling on whether Petitioner is entitled to a certificate of appealability ("COA") on the issues raised in the Rule 60(b)(6) motion.

Twenty-eight U.S.C. § 2253(c) provides as follows:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

See also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability). No § 2254 petitioner may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court has cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision about whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[1]

In this case, reasonable jurists would not differ on whether Petitioner is entitled to relief pursuant to Fed. R. Civ. P. 60(b)(6) for the reasons stated in the order issued on May 19,

---

[1] The Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

4

2008. Because any appeal by Petitioner on any of the issues raised in this motion does not merit attention, the Court DENIES a certificate of appealability.

IT IS SO ORDERED this 17th day of October, 2008.


                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE